NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

PHOENIX NEWSPAPERS, INC. et al., *Plaintiffs/Appellants*,

*v.*

ARIZONA STATE SENATE, et al., *Defendants/Appellees*.

No. 1 CA-CV 24-0388

FILED 03-06-2025

---

Appeal from the Superior Court in Maricopa County
Nos. CV2021-008265, LC2021-000180-001
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

---

COUNSEL

Ballard Spahr LLP, Phoenix
By David J. Bodney, Craig C. Hoffman, Matthew E. Kelley
*Counsel for Plaintiffs/Appellants*

Statecraft PLLC, Phoenix
By Kory Langhofer, Thomas Basile
*Counsel for Defendants/Appellees*

Wilenchik & Bartness, P.C., Phoenix
By Dennis I. Wilenchik, Brian R. Gifford
*Counsel for Amicus Curiae Cyber Ninjas, Inc.*

---

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Chief Judge David B. Gass joined.

---

**H O W E**, Judge:

¶1 Phoenix Newspapers, Inc. and Kathy Tulumello (collectively, "PNI") appeal the superior court's order denying their request for attorney's fees from the Arizona State Senate, Senate President Warren Petersen, Senate Judiciary Committee Chairman Anthony Kern, and Senate Secretary Susan Aceves (collectively, "Senate"). For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2 After the November 2020 election, the Senate began an audit of the over two million ballots cast in Maricopa County. It retained Cyber Ninjas, a private corporation, to serve as its primary vendor for that audit.

¶3 Between April and June 2021, PNI served several public records requests on the Senate and Cyber Ninjas. Cyber Ninjas did not produce any records in response to PNI's requests. In late May 2021, the Senate began producing public records to PNI in response to its requests but refused to produce any documents that were in the custody and control of Cyber Ninjas. By early June 2021, the Senate had established an online public reading room for the publication of its public records document productions.

¶4 Because the Senate would not produce documents in Cyber Ninja's control, in late June 2021, PNI filed a statutory special action in superior court under the Public Records Law ("PRL"), *see* A.R.S. § 39-121, against Cyber Ninjas and the Senate. The court ordered the Senate and Cyber Ninjas to produce the public records in their possession, custody, or control by August 31 and to provide a privilege log for any documents withheld based on a purported privilege or for any other reason by that date. In a separate action brought by other plaintiffs under the PRL, the superior court also ordered the Senate to produce "[a]ll documents and communications relating to the planning and execution of the audit, all

policies and procedures being used by the agents of the Senate Defendants, and all records disclosing specifically who is paying for and financing this legislative activity."

**¶5**     The Senate sent Cyber Ninjas a letter on September 14, 2021, demanding that it immediately provide the public records. The Senate further advised Cyber Ninjas in a subsequent letter that "[a]ny determination by [Cyber Ninjas] not to comply (in whole or in part) immediately with the Senate's September 14 request hence is prejudicial to the legal interests of the Senate and its officers." When Cyber Ninjas had failed to produce all of the requested documents by the end of the month, the Senate sent Cyber Ninjas a letter declaring it had breached its contract.

**¶6**     In November 2021, the superior court ruled that the Senate had waived legislative privilege with respect to almost all audit-related communications. In January 2022, the Senate sent Cyber Ninjas a third letter demanding that it provide the public records.

**¶7**     After continued litigation in this Court and the Arizona Supreme Court, the Supreme Court reversed the superior court's order that the Senate disclose all communications concerning the audit. *Fann v. Kemp*, 253 Ariz. 537, 549 ¶ 38 (2022). The *Fann* Court held that the Senate engaged in a privileged legislative act when it exercised its authority to conduct the audit of the 2020 election, resulting in the Senate's internal communications about the audit's authorization, planning, and findings being privileged. *Id.* at 545 ¶ 23. The Court further held that records of communications about the administration of the audit were non-privileged administrative functions, and "[c]ommunications about the public reaction to the [a]udit and what information should be released to the public [were] political acts" that the legislative privilege did not protect. *Id.* at 546 ¶ 27.

**¶8**     In October 2023, PNI requested attorney's fees in superior court, seeking $686,919.20 in attorney's fees and $2,188.50 in costs from the Senate, Cyber Ninjas, and Cyber Ninja's owners, jointly and severally. The Senate opposed the fee award, noting that it had not been adverse to PNI on whether Cyber Ninjas' public records must be disclosed as of September 14, 2021 since that date.

**¶9**     In April 2024, the superior court denied PNI's request for attorney's fees and costs with respect to the Senate but granted it with respect to Cyber Ninjas, awarding PNI $686,919.20 in attorney's fees and $2,188.50 in costs. PNI appealed.

**¶10**     We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶11        PNI raises one issue on appeal: whether the superior court abused its discretion by denying its request for attorney's fees and costs against the Senate. The PRL provides that "[t]he court *may* award attorney fees and other legal costs that are reasonably incurred in any action under this article if the person seeking public records has substantially prevailed." A.R.S. § 39-121.02(B) (emphasis added).

¶12        We review the superior court's award or denial of attorney's fees under the PRL for an abuse of discretion. *Am. C.L. Union of Ariz. v. Ariz. Dep't of Child Safety*, 251 Ariz. 458, 461 ¶ 11 (2021). "If a plaintiff is found to have substantially prevailed in an action seeking to enforce a public records request, the trial court has broad discretion under [A.R.S.] § 39-121.02(B) to award or deny attorney fees and costs." *Id.* "We will not disturb the trial court's discretionary award of fees if there is any reasonable basis for it." *Id.* (cleaned up). "Both the determination that the petitioner substantially prevailed and the award of fees after making such a finding are at the discretion of the trial court." *Hodai v. City of Tucson*, 239 Ariz. 34, 46 ¶ 41 (App. 2016).

¶13        "[A] party has 'substantially prevailed' if, after a comprehensive examination by the trial court, it was more successful than not in obtaining the requested records, defeating the government's denial of access to public records, or securing other relief concerning issues that were contested before litigation was initiated." *Am. C.L. Union of Ariz.*, 251 Ariz. at 461 ¶ 14.

¶14        The superior court awarded fees to PNI against Cyber Ninjas but not the Senate, finding that the Senate was "not responsible for Cyber Ninjas' obstructionist litigation tactics." We discern no error in the superior court's discretionary decision not to find the Senate jointly and severally liable for PNI's attorney's fees and costs. Although the Senate initially opposed PNI's claims for public records that were in the custody of Cyber Ninjas, it reversed course on that issue in September 2021, about three months into this three-years' long litigation. At that point, the Senate ceased opposing PNI's claims against Cyber Ninjas and began demanding that Cyber Ninjas turn over the public records in its possession. PNI criticizes the Senate's efforts to encourage Cyber Ninjas' turn-over of these records as anemic. Nevertheless, the Senate's efforts aligned with PNI's goals and cannot be characterized as adverse. "[O]ne does not 'prevail' over an agency cooperating with, or acting to facilitate, one's goals; instead, one prevails over an adversary." *Paradigm DKD Grp. LLC v. Pima Cnty. Assessor*,

246 Ariz. 429, 436 ¶ 22 (App. 2019). And PNI did not ask the superior court or this Court to parse the fees from before and after the Senate's September 2021 change of course.

¶15     About the sole issue on which the Senate and PNI remained adverse—whether legislative privilege applied to certain internal Senate documents and communications about the audit—the record does not reflect that PNI substantially prevailed on that issue. *See Fann*, 253 Ariz. at 549 ¶ 38. The superior court did not abuse its discretion.

## CONCLUSION

¶16     For the above reasons, we affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:     JR